ECF ORIGINAL

FILED
JUN 11 2003
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA, a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | USCFC Case No.: 03-1446C<br><br>**COMPLAINT** |

**COMPLAINT**

**FIRST CLAIM FOR RELIEF**

1. The United States Court of Federal Claims has jurisdiction in this matter pursuant to 28 U.S.C 1491 and 41 U.S.C. 601, et seq.. The facts and issues underlying this Complaint are substantially related to USCFC No. 02-135 C.

2. Plaintiff, FIRST NATIONAL INSURANCE COMPANY OF AMERICA (hereinafter "FIRST NATIONAL") is and at all times herein mentioned was, a corporation organized and existing under and by the virtue of either the laws of the State of Washington with its principal place of business in the State of Washington.

3. Defendant, THE UNITED STATES OF AMERICA, is, and at all times mentioned was, acting by and through the Department of Air Force (hereinafter "AIR FORCE"), which is, and at all times herein mentioned was, an agency of the United States.

4. On or about October 22, 1999 ORBAS & ASSOCIATES, INC. (hereinafter "ORBAS") entered into a Contract with the AIR FORCE by the terms of which ORBAS agreed to perform certain construction work known as Architecture/Refrigeration Upgrade at McClellan Air Force Base, California under Contract No. F41689-00-C-0400 (hereinafter the "CONTRACT"). The entire agreement which incorporates by reference the plans, specification, and other Contract documents (hereinafter collectively "CONTRACT") is voluminous and therefore, not attached hereto, but is or has been made available to Defendants and is incorporated herein by reference as though fully set forth at this point.

5. The CONTRACT was competitively bid by ORBAS pursuant to a solicitation by the AIR FORCE for competitive bids. ORBAS submitted its competitive bid and was awarded the CONTACT in the sum of three million, one hundred eighty-nine thousand, six hundred seventy dollars ($3,189,670.00). The CONTRACT called for the performance of work required thereby within ten (10) calendar days after receipt of the Notice to Proceed (hereinafter "NTP"). The NTP was received by ORBAS on or about November 30, 1999, thereby establishing the completion date as September 25, 2000.

6. The CONTRACT called for remodeling the Air Force base commissary at McClellan AFB, Sacramento, California. The CONTRACT work included, inter alia, installation of new refrigeration system (compressors, condensers, fan coils, control systems, and refrigerated and non-refrigerated cases), lighting fixtures; acoustic ceilings, exhaust fans and shelving, construction of new offices and sales area, as well as remodeling existing office spaces and sales area to include painting and carpeting in office spaces and acoustic ceiling and lighting systems in sales area. The existing intrusion detection, fire alarm and fire protection systems required extension by CONTRACT into new office and sales areas. New heating, ventilating and air conditioning (HVAC) equipment was also called out by CONTRACT.

7. From the period commencing November 30, 1999 through October 10, 2001, the AIR FORCE, for its own convenience, unreasonably and without justification, suspended, delayed, interrupted, and interfered in ORBAS'S performance under said CONTRACT by, inter alia, refusing to acknowledge defective specifications/designs issues and refusing to provide access to the work area per the contract requirements. In addition, the AIR FORCE unreasonably and without justification refused to give good, orderly, and timely assistance and direction to ORBAS, ordered the performance of extra work and thereafter refused to compensate ORBAS for, inter alia, direct and indirect costs, labor inefficiency, impact and delay, and in other particulars breached its express and implied obligations under the CONTRACT. By letter dated October 10, 2001, the AIR FORCE, unreasonably, and without cause or justification terminated the CONTRACT for default.

///

8. As a result of the termination for default, on or about November 20, 2001 the AIR FORCE and FIRST NATIONAL signed a Surety Takeover Agreement (hereinafter the "TAKEOVER AGREEMENT") whereby FIRST NATIONAL was to takeover and complete performance of the work required under the CONTRACT. The TAKEOVER AGREEMENT was entered into pursuant to requests by the AIR FORCE upon FIRST NATIONAL that FIRST NATIONAL take over and complete the remaining work under the CONTRACT and in accordance with FIRST NATIONAL'S performance bond.

9. FIRST NATIONAL, its subcontractors, suppliers and consultants completed the remaining work under the CONTRACT on or about October 25, 2002. In accordance with the terms of the TAKEOVER AGREEMENT, FIRST NATIONAL filed a claim for the total expenditures necessarily made in completing the work pursuant to the AGREEMENT and FIRST NATIONAL'S performance bond obligations.

10. By letter dated January 28, 2003, FIRST NATIONAL forwarded a claim (hereinafter the "CLAIM") requesting the termination for default be converted to one for the convenience of the government and for the total expenditures necessarily made in completing the work pursuant to the TAKEOVER AGREEMENT and FIRST NATIONAL'S performance bond obligations. Said letter requested a Final Decision of the Contracting Officer in the approximate sum of One Million, Two Hundred Forty Three Thousand, Five Hundred Ninety Nine Dollars and Sixty-Seven Cents ($1,243,599.67). The CLAIM was certified as required by the Contract Disputes Act.

11. Although sixty days have past since FIRST NATIONAL filed the CLAIM the Contracting Officer has failed to respond with either a Final Decision or a date certain when a Contracting Officer's Final Decision will be issued. On that bases FIRST NATIONAL deems the failure of the Contracting Officer to issue a Final Decision as a denial of FIRST NATIONAL'S CLAIM under the Contracting Disputes Act.

12. As a directed and proximate result of the foregoing, FIRST NATIONAL has suffered damages as and for the total expenditures necessarily made in completing the work pursuant to the TAKEOVER AGREEMENT and FIRST NATIONAL'S performance bond

obligations approximate sum of One Million, Two Hundred Forty Three Thousand, Five Hundred Ninety Nine Dollars and Sixty-Seven Cents ($1,243,599.67) or such other sum according to proof.

13. FIRST NATIONAL has and will continue to suffer further, other and additional damages, the precise sum of which is not presently known. FIRST NATIONAL will amend its Complaint when the same are ascertained or upon proof thereof at trial. In addition to the foregoing, FIRST NATIONAL is entitled to interest as provided by the Contract Disputes Act from the date on which the component parts of the foregoing sum became due and proper.

WHEREFORE, FIRST NATIONAL prays for judgment as hereafter set forth.

## SECOND CLAIM FOR RELIEF

14. FIRST NATIONAL incorporates herein by reference each and every allegation contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9 and 11 of its First Claim for Relief.

15. By letter dated February 20, 2003, FIRST NATIONAL forwarded a claim (hereinafter the "CHANGE ORDER CLAIM") requesting, out of an abundance of caution, that in the event the termination for convenience is denied, that FIRST NATIONAL incurred expenditures necessary to complete change order work pursuant to the TAKEOVER AGREEMENT and FIRST NATIONAL'S performance bond obligations. Said letter requested a Final Decision of the Contracting Officer in the approximate sum of $344,009. The CHANGE ORDER CLAIM was certified as required by the Contract Disputes Act.

16. As a direct and approximate result of the foregoing, FIRST NATIONAL has suffered damages as and for the total expenditures necessarily made in completing the change order work pursuant to the TAKEOVER AGREEMENT and FIRST NATIONAL'S performance bond obligations in the sum of $344,009 or such other sum according to proof which amount is included within the claim set forth in FIRST NATIONAL'S First Claim for Relief.

17. FIRST NATIONAL has and will continue to suffer further and other additional damages, the precise sum of which is not presently known. FIRST NATIONAL will amend its Complaint when and the same has been ascertained or upon proof thereof at trial. In addition to

the foregoing, FIRST NATIONAL is entitled to interest as provided by the Contract Disputes Act from the date on which the component parts of the foregoing become due and proper.

WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AS FOLLOWS:

On Plaintiff's First Claim for Relief:

1. For conversion of said termination for default to a termination for convenience as provided for in the CONTRACT;

2. For monetary damages for the total expenditures necessarily made in completing the work pursuant to the AGREEMENT and FIRST NATIONAL'S performance bond obligations in the approximate sum of One Million, Two Hundred Forty Three Thousand, Five Hundred Ninety Nine Dollars and Sixty-Seven Cents ($1,243,599.67) or such other sum according to proof with interest thereon from dates according to proof as provided under the Contract Disputes Act.

3. For consequential damages and attorney's fees according to proof;

4. For costs of suit incurred herein;

5. For such other and further relief as the Court may deem just and proper;

On Plaintiff's Second Claim for Relief:

6. For monetary damages in the sum of $344,009 or such other sum according to proof with interest thereon from the dates according to proof as provided under the Contract Disputes Act.

7. For consequential damages and attorneys' fees according to proof;

8. For costs in suit incurred herein;

9. For such other and further relief as the Court may deem just and proper.

DATED: June 9, 2003

J. Michael Pisias, Jr.
Law Offices of J. Michael Pisias, Jr.
177 Post Street, Suite 700
San Francisco, CA 94108-4712
Tel: 415-433-3993; Fax: 415-433-3997
jmp@jmpisias.com

Attorneys for Plaintiff First National Insurance Company of America

ORB05-30-03.COMPLAINT.P.wpd

**PROOF OF SERVICE**

I declare that I am over the age of eighteen years and not a party to the above-entitled cause. My business address is 177 Post Street, Suite 700, San Francisco, California 94108, and I am employed in the City and County of San Francisco, California, where the mailing occurred. I served the document entitled as follows: **COMPLAINT**

On today's date I placed for collection and deposit in the United States Mail at the Law Offices of J. Michael Pisias, Jr., 177 Post Street, Suite 700, San Francisco, California 94108, a copy of said document addressed to:

William L. Bruckner
Bruckner & Walker
4550 Kearny Villa Road, Suite 209
San Diego, CA 92123
Phone: (858) 565-8300
Fax: (858) 565-0813
**Atty for Orbas & Associates**

Bryan R. O'Boyle, Esq.
Senior Trial Attorney
Air Force Legal Service Agency
Commercial Litigation Division
1501 Wilson Blvd., Room 606
Arlington, VA 22209-2403
Tel: 703-696-9063

Michael F. Kiely
Trial Attorney
Commercial Litigation Branch
Civil Division, Department of Justice
1100 L. Street, N.W.
**Attn:** Classification Unit, 8th Floor
Washington, DC 20530
Phone: 202-305-7572
Fax: 202-305-7644

I am readily familiar with the business practice of the Law Offices of J. Michael Pisias, Jr. for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, the correspondence would be placed in a sealed envelope, with postage fully prepaid, and deposited with the United States Postal Service that same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: June 9, 2003

Jean Wilson