IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA, a Washington Corporation, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-1446C<br>( Judge Nancy B. Firestone ) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

First Claim For Relief

1. The allegations contained in the first sentence of paragraph 1 constitute conclusions of law, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied. The allegation in the second sentence of paragraph is plaintiff's characterization of its claim and a conclusion of law to which no response is required.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. Admits the allegation contained in the first sentence of paragraph 4 that on or about October 22, 1999 Orbas & Associates, Inc., entered into a contract with the Air Force; admits the remainder of the allegations contained in the first and second sentences of

paragraph 1 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained in the first and second sentences of paragraph 5. Admits the allegation contained in the third sentence of paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 5. Denies the allegation contained in the fourth sentence of paragraph 5 that "[t]he NTP was received by [Orbas] on or about November 30, 1999" for lack of knowledge or information sufficient to form a belief as to its truth; the remainder of the allegations contained in the fourth sentence of paragraph 5 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admits the allegation contained paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Denies the allegations contained in the first and second sentences of paragraph 7. Admits the allegation contained in the third sentence of paragraph 7 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegation contained in the first sentence of paragraph 8 that on or about November 20, 2001 Air Force and plaintiff entered into a takeover agreement. Admits the allegation contained in the second sentence of paragraph 8 to the extent supported by the

takeover agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in the first sentence of paragraph 9. The allegation contained in the second sentence of paragraph 9 that "FIRST NATIONAL filed a claim" with the contracting officer is a conclusion of law to which no response is required; denies all remaining allegations in the second sentence of paragraph 9 for lack of knowledge or information sufficient to form a belief as to its truth.

10. Admits the allegations contained in paragraph 10 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. The allegations contained in paragraph 11 are conclusions of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

12. The allegations contained in paragraph 12 are plaintiff's characterization of its claim and a conclusion of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

13. The allegations contained paragraph 13 are plaintiff's characterization of its claim and a conclusion of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

Second Claim For Relief

14. Defendant incorporates by reference its answers, admissions, and denials set forth above with respect to paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, and 11 of plaintiff's First Claim For Relief as its answer to paragraph 14.

15. Admits the allegations in the second sentence of paragraph 15 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 15. The allegations contained in the first and third sentences of paragraph 15 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 are plaintiff's characterization of its claim and a conclusion of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 are plaintiff's characterization of its claim and a conclusion of law to which no response is required; to the extent they are deemed allegations of fact, they are denied.

18. Denies each and every allegation not previously admitted or otherwise qualified.

19. Denies that plaintiff is entitled to the relief requested in its prayers for relief or to any relief whatsoever.

WHEREFORE, defendant requests that this Court enter judgment in favor of the defendant, deny all relief sought by plaintiff, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/James M. Meister
JAMES M. MEISTER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel: (202) 305-3079

OF COUNSEL:

BRYAN O'BOYLE, ESQ.
Senior Trial Attorney
United States Air Force

MONICA CERUTI, ESQ.
United States Air Force
Attorneys for Defendant

Date: August 11, 2003

CERTIFICATE OF FILING

I hereby certify that on this 11th day of August, 2003, a copy of the foregoing DEFENDANT'S ANSWER was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/James M. Meister